UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUGUST IMAGE, LLC,

Plaintiff,

-v-

KARINE KAZARIAN CORP., and DOES 1–10,

Defendants.

CIVIL ACTION NO. 26 Civ. 4800 (VM) (SLC)

**ORDER FOR APPEARANCE OF PRO BONO COUNSEL**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff August Image, LLC ("Plaintiff") brings this copyright infringement action against Defendant Karine Kazarian Corp. (the "Business") in connection with the Business' alleged improper display of two of Plaintiff's photographs (the "Photographs"). (Dkt. No. 1 (the "Complaint")). The Court held a telephone conference in this matter on August 19, 2026 (the "Conference"), at which counsel appeared for Plaintiff and Mariam Saprichyan ("Mariam") and her mother, Karine Kazarian, appeared for the Business. (Dkt. No. 14).

## II. BACKGROUND

Given that the Business is a corporation, it may not appear pro se in this action. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202–03 (1993) (noting that courts do not allow corporations to appear in court without a licensed attorney) (collecting cases); Kenyatta v. City of New York, No. 25 Civ. 2868 (KMW), 2025 WL 1984391, at *2 (S.D.N.Y. July 16, 2025) (same). Since the filing of the Complaint, however, Mariam has written three letters to the Court explaining that she and her mother run the Business, "a small woman-owned

business located in New York City[,]" and "cannot afford an attorney." (Dkt. Nos. 9; 10; 12). Mariam further stated that "the [P]hotographs [] appeared on the company's Instagram account" but were removed on February 19, 2024, sixteen months before the Business "received a cease-and-desist letter from counsel for [Plaintiff][.]" (Dkt. No. 9). On July 14, 2026, Mariam stated that she "contacted the Southern District of New York Pro Se Intake Unit" and "later sought assistance from a New York City legal clinic to better understand the process." (Dkt. No. 10). Mariam also sought a 30-day extension of the Business' deadline to respond to the Complaint, which the Honorable Victor Marrero granted. (Dkt. No. 11). On August 6, 2026, Mariam stated that "despite [their] best efforts, [Mariam and her mother] have been unable to retain counsel because the required retainers are beyond [their] financial means." (Dkt. No. 12). Instead, Mariam has been trying to "resolve the dispute in good faith" with Plaintiff's counsel. (Dkt. No. 12).

On August 19, 2026, the Court held the Conference to discuss scheduling a settlement conference, at which Mariam again stated that the Business does not have the financial means to hire counsel and accepted the Court's offer to attempt to locate pro bono counsel to represent the Business at a settlement conference.

## III. DISCUSSION

The Second Circuit has set forth factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. See Hodge v. Police Officers, 802 F.2d 58, 60–62 (2d Cir. 1986). First, "the litigant must [] demonstrate that he or she is indigent." Morocho v. Star Jewelry by the A Jeweler Corp., No. 23 Civ. 3836 (VSB), 2025 WL 2603677, at *1 (Aug. 25, 2025); see Hodge, 802 F.2d at 60 ("The authority for [the court] to appoint counsel for

indigents in civil cases comes from 28 U.S.C. § 1915(d)").[1] "The court must then consider whether the litigant's claim [or defenses] seems likely to be of substance — a requirement that must be taken seriously." Morocho, 2025 WL 2603677, at *1 (citing Hodge, 802 F.2d at 60–61). If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in [the] case why appointment of counsel would be more likely to lead to a just determination.

Morocho, 2025 WL 2603677, at *1 (citing Hodge, 802 F.2d at 60–61; see Cooper v. A Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989) (listing factors courts should consider, including litigant's efforts to obtain counsel).

"In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion." Morocho, 2025 WL 2603677, at *1 (citing Hendricks v. Coughlin, 114 F.3d 390, 392–93 (2d Cir. 1997). "Rather, each application must be decided on its own facts." Morocho, 2025 WL 2603677, at *1 (citing Hodge, 802 F.2d at 61).

Here, in analyzing the factors above, we find that the appointment of pro bono counsel is appropriate for the limited purpose of representing the Business at a settlement conference. As a threshold matter, in Mariam's three letters and her representations at the Conference, she has established her attempts to obtain affordable counsel to represent the Business in this action have been unsuccessful. (Dkt. Nos. 9; 10; 12). Mariam has also represented that the Business is attempting to "resolve the dispute in good faith" with Plaintiff's counsel. (Dkt. No. 12). Further,

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

given that the Business is a corporation and cannot represent itself pro se, see Rowland, 506 U.S. at 202–03, it "would be subject to a default judgment in the absence of counsel." Morocho, 2025 WL 2603677, at *2. Accordingly, we find that the Business has "no ability to present the case and thus the appointment of counsel would be more likely to lead to a just determination[,]" id., especially considering that such representation would be for the limited purpose of representing the Business at a settlement conference rather than litigating the merits of the action.

Accordingly, the Court respectfully directs the Clerk of Court to attempt to locate pro bono counsel to represent the Business in this action at a settlement conference. It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant pro bono. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301 (1989). There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the Court will locate another. If an attorney volunteers, the attorney will contact the Business directly.

## IV. CONCLUSION

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate pro bono counsel to represent the Business at a settlement conference in this action.

The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant Karine Kazarian Corp. at 36 Virginia Ave., Fort Lee, NJ 07024.

Dated: New York, New York
August 19, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**